**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01773-001-TUC-CKJ (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Marco Alvarez-Pardo, | |
| Defendant. | |

Before the Court is Defendant's Motion for Compassionate Release Pursuant to the First Step Act (Doc. 27 at 2-15) and request for Appointment of Counsel for "Good Cause" (Doc. 27 at 1). The Federal Public Defender filed a Notice Regarding Defendant's Pro Se Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 28), stating that he sees no basis for appointment of counsel at this time.

**PROCEDURAL HISTORY**

On August 29, 2019, Defendant Marco Alvarez-Pardo pleaded guilty to one count of Reentry of Removed Alien under 8 U.S.C. § 1326(a). (Docs. 17, 18) On November 18, 2019, this Court sentenced Defendant to a term of thirty-seven months incarceration followed by a three-year term of supervised release. (Doc. 26) On December 23, 2020, Defendant filed his Motion for Compassionate Release Pursuant to the First Step Act and a corresponding motion for Appointment of Counsel for "Good Cause." (Doc. 27) On January 11, 2021, the Federal Public Defender filed its Notice

Regarding Defendant's Pro Se Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A).  (Doc. 28)  This Order follows.

First Step Act

In enacting the First Step Act in December 2018, Congress amended the United States Federal Sentencing Guidelines to "improv[e] application of compassionate release." 164 Cong. Rec. H10346-04, H10362 (Dec. 20, 2018).  Under the revised Guidelines, a defendant may move for compassionate release where he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or . . . [where there has been a ] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582 (c)(1)(A). As summarized by the Federal Public Defender, the Act provides that a prisoner's sentence may be reduced for "extraordinary and compelling reasons." *See* (Doc. 28 at 1); *id.* § 3582 (c)(1)(A)(i).

"Extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. *United States v. Zazweta*, No. 16-CR-176-BLW, 2020 WL 5577876, at *1 (D. Idaho Sept. 17, 2020). Compassionate release due to a medical condition is generally treated as an extraordinary and rare event. *United States v. Hearron*, No. CR 91-392-2-TUC-CKJ, 2020 WL 4569556, at *5 (D. Ariz. Aug. 7, 2020). Notwithstanding circumstances which may justify a sentencing reduction, district courts are granted broad discretion in determining whether to grant compassionate release. *United States v. Parker*, 461 F. Supp. 3d 966, 974 (C.D. Cal. 2020).

## ANALYSIS[1]

Defendant is thirty-five years old and has a criminal history dating back to 2005. Several of his prior convictions involve illegal entry or reentry, drug smuggling, and

---

[1] For the purpose of this analysis, the Court presumes that Defendant has exhausted his administrative remedies before filing the request at hand.

unlawful possession of large amounts of marijuana. Defendant argues that he qualifies for compassionate release because he tested positive for COVID-19 in July 2020, and due to the fact that "[t]he COVID-19 [p]andemic, coupled with [his] circumstances, [constitutes] an extraordinary and compelling reason to grant a sentence reduction." (Doc. 27 at 9, 10). Defendant also argues that—despite his lack of exacerbating comorbidities or the presence of severe health consequences related to his first infection—he will likely suffer long-term damage that would make the virus even more dangerous should he become re-infected. *Id.* at 10. Defendant requests that the Court reduce his sentence, allow for home confinement, or credit him for time served to protect his physical and mental health during the coronavirus pandemic. *Id.* Defendant posits that since he has maintained a "good prison disciplinary record", he will not be a danger to the community and will follow the law. *Id.* at 14. Although the Court is mindful of Defendant's concerns, his request for compassionate release is denied.

Courts in this circuit have concluded that exposure to COVID-19 alone fails to constitute an extraordinary and compelling reason to support compassionate release. *Zazweta*, 2020 WL 5577876, at *1; *United States v. Alvarez-Espinoza*, No. CR-08-00611-02-PHX-DGC, 2020 WL 5658932, at *3 (D. Ariz. Sept. 23, 2020). Additionally, Defendant has already contracted the coronavirus and has failed to demonstrate life-threatening circumstances that would substantially diminish his ability to provide self-care within his correctional institution should he suffer reinfection. Furthermore, relevant Sentencing Guidelines explicitly instruct that the "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for a [sentencing] reduction under this policy." U.S.S.G. § 1B1.13 app. 3 (2018).

In the situation at hand, Defendant falls short of carrying his burden of demonstrating "extraordinary and compelling reasons" to support a sentence reduction under the First Step Act. The Federal Public Defender observed that Defendant failed to mention any adverse side effects from his previous infection, and he concludes that Defendant has failed to make a prima facie assertion of any extraordinary or compelling

reasons for a sentence reduction. (Doc. 28 at 2). Moreover, recognizing Defendant's history of illegal reentry into the country and the large amounts of controlled substances he has attempted to smuggle across the border, the Court cannot find that Defendant would not be a danger to the community if released. Accordingly, Defendant's Motion for Compassionate Release Pursuant to the First Step Act (Doc. 27 at 2-15) and his request for Appointment of Counsel for "Good Cause" (Doc. 27 at 1) are DENIED.

**IT IS ORDERED:**

1. Defendant's Motion for Compassionate Release Pursuant to the First Step Act (Doc. 27 at 2-15) and request for Appointment of Counsel for "Good Cause" (Doc. 27 at 1) are DENIED.

2. The Clerk of Court shall mail a copy of this Order to Defendant at the following address:

>Marco Alvarez-Pardo, #43362-359
>FCI Victorville Medium I
>Federal Correctional Institution
>P.O. Box 3725
>Adelanto, CA 92301

Dated this 25th day of January, 2021.

*Cindy K. Jorgenson*
Honorable Cindy K. Jorgenson
United States District Judge